

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:     In the Interest of L. Z., M. H. and N. U., Children

Appellate case number:   01-19-00061-CV

Trial court case number: 2017-06000J

Trial court:             314th District Court of Harris County

This is an appeal from a final decree terminating parental rights. Appeals from orders terminating the parent-child relationship are to be brought to final disposition within 180 days of the date the notice of appeal is filed. *See* TEX. R. JUD. ADMIN. 6.2(a), *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. F app. The notice of appeal in this case was filed on January 22, 2019, and thus, the date of final disposition was July 19, 2019.

Appellant's brief was originally due on March 18, 2019. No brief was filed and no motion for extension was filed. On April 25, 2019, this Court abated the appeal and remanded to the trial court for a hearing to determine why no brief had been filed. On May 7, 2019, a hearing record was filed that indicated that neither appellant nor her retained counsel, Donnica Blackful, had attended the hearing. The trial court stated that no findings could be made because counsel Blackful had not appeared.

On May 16, 2019, this Court issued a second order, directing the trial court to make the findings as requested concerning counsel Blackful's failure to make arrangements for the filing of a complete record and to file a brief. The trial court issued an order on the same date, setting another hearing and ordering counsel Blackful to show cause why she sould not be found to have abandoned appellant and removed as counsel for appellant. On May 23, 2019, the trial court's hearing record was filed, showing that counsel Blackful again failed to appear. The trial court determined that Blackful had abandoned appellant, and despite having no information concerning indigence of appellant, appointed counsel Donald Crane.

On June 27, 2019, the Court reinstated the appeal on the active docket and ordered appellant to file the attached Statement of Inability to Afford Court Costs on Appeal so that the missing portion of the reporter's record might be obtained at no cost to appellant. On July 9, 2019, appointed counsel Crane advised the Court that previous counsel Blackful had again been retained by counsel and that appellant allegedly now had the funds to pay Blackful.

Counsel Blackful has not responded to deadlines in this Court and did not appear in the trial court to explain her lack of diligence in representing appellant. Rather than communicate with

the Court, counsel Blackful has failed to comply with deadlines in this appeal and has caused delays that prevented this Court from disposing of this appeal within the required 180-day period. Now, after the trial court found that counsel Blackful had abandoned the appellant and appointed new counsel, counsel Blackful has filed a notice of appearance.

If an appellant fails to file a brief, the Court has several options. In criminal cases, an appellate court may not dismiss for want of prosecution and so it may initiate contempt proceedings against appellant's counsel. *See* TEX. R. APP. P. 38.8(b)(4). Although this is not a criminal case, it is a parental termination appeal that involves constitutional rights and it may be appropriate to apply this rule when counsel fails to file a brief. *See M.U. v. Tex. Dept. of Family & Protective Svcs.*, No. 03-13-00655-CV, 2014 WL 1018139, at *1 (Tex. App.—Austin Mar. 13, 2014, no pet.) (court issued show cause order requiring appointed counsel in parental termination appeal to appear and explain why he should not be held in contempt for failing to file a brief by deadline). Another option in criminal cases, is to determine the appeal without briefs. *See id.* Finally, in civil cases, and as other appellate courts have done, we may dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 42.3.

In this case, the Court is unable to determine the appeal without briefs because a complete reporter's record has not been filed. The deputy court reporter, Shannon Simmons, filed four volumes that are all pretrial hearing records. No reporter's record of the termination hearing held on December 13, 2019 has been filed. The order of termination states that the record of this trial was recorded by court reporter Julia Rangel. We are unable to determine from the record whether appellant requested or paid for this reporter's record of the termination trial, but if the appellant is at fault for the failure to file the complete record, the rules permit this Court to dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 37.3(b).

Accordingly, we order appellant to cause the complete record to be filed **within 20 days of the date of this order**. Appellant's brief must be filed **within 20 days of the date the reporter's record is filed. If no record of the termination hearing is filed or if no brief is received, the Court may issue a show cause order or dismiss this appeal immediately for lack of prosecution.** *See M.U.*, 2014 WL 1018139, at *1 (issuing show cause order to counsel to explain why he should not be held in contempt for failure to file brief); TEX. R. APP. P. 38.8(b)(4), 42.3 (permitting the Court to pursue contempt proceedings or dismiss an appeal for lack of prosecution); *Herrin v. Dept. of Family & Protective Svcs.*, 01-09-00950-CV, 01-09-00960-CV, 2011 WL 684199, at *1 (Tex. App.—Houston [1st Dist.] Feb. 17, 2011, no pet.) (dismissing appeals for want of prosecution because additional extensions of time "would be incompatible with the state's goal to prevent delay in resolving parental rights cases where the best interests of children are at stake.").

It is so ORDERED.


Judge's signature: _____/s/ Richard Hightower____
              ☑ Acting individually    ☐ Acting for the Court


Date: __July 26, 2019___